UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
VINCENT C. GROSSO, et al.,                                  :
                                        Plaintiffs,         :
                                                            :     18 Civ. 6448 (LGS)
              -against-                                     :
                                                            :     <u>OPINION AND ORDER</u>
AT&T PENSION BENEFIT PLAN, et al.,                          :
                                        Defendants.         :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Vincent C. Grosso and Patricia M. Wing commenced this action against AT&T Pension Benefit Plan ("Plan") and AT&T Services Inc., as Plan Administrator ("Plan Administrator"), after Defendants denied Plaintiffs' respective requests for retroactive unreduced pension benefits, starting at age fifty-five, allegedy in violation of the Employee Retirement Income Security Act ("ERISA"). The Court denied the parties' cross-motions for summary judgment and remanded the case to the AT&T Benefit Plan Committee ("BPC"), which denied Plaintiffs' request for benefits a third time. The parties then filed a second round of cross-motions for summary judgment. For the following reasons, Defendants' motion for summary judgment is granted, and Plaintiffs' motion for summary judgment is denied.

**I.    BACKGROUND**

Familiarity with the facts is assumed. All capitalized terms herein have the same meaning as in the prior summary judgment decision. *See Grosso v. AT&T Pension Benefits Plan*, No. 18 Civ. 6448, 2019 WL 4805809 (S.D.N.Y. Sept. 30, 2019).

### A. Motions for Summary Judgment and Remand to the BPC

Plaintiffs seek unreduced early retirement benefits retroactive to age fifty-five. They were paid such benefits only prospectively beginning at a later date, but before age sixty-five, when they provided notice to commence benefits. Plaintiffs appealed their claims to the BPC. The BPC on behalf of the Plan Administrator denied their appeals in two decisions. In the second denial, the BPC found that the 1998 Plan requires participants to submit a written election to become entitled to receive unreduced pension benefits before turning age sixty-five. In substance, the BPC determined that the benefit accrues and is payable prospectively after age fifty-five only upon the provision of written notice; thus, the benefit is not retroactive to age fifty-five.

Plaintiffs commenced this action to challenge the denial of retroactive benefits, and the parties eventually filed cross-motions for summary judgment. The Court denied the motions and held in part that the BPC's determination based on the 1998 Plan was arbitrary and capricious because the BPC had relied exclusively on Plan language that was not dispositive. *Id*. at *7. The Court remanded the case "to the Plan Administrator to determine whether, based on extrinsic and other evidence, a participant must give written notice to be entitled to receive Special Update benefits under the 1998 Plan." *Id.* at *9.

On remand, the BPC on behalf of Plan Administrator, considered extrinsic and other evidence, as well as briefing from the parties. On April 28, 2020, the Plan Administrator determined that the 1998 Plan requires a participant to make a written request to commence entitlement to Special Update benefits and that Plaintiffs are not entitled to retroactive benefits. The Plan Administrator rejected Plaintiffs' contention that a participant could defer

2

commencement of their benefit until after age fifty-five and then receive a retroactive lump sum payment of their benefits from age fifty-five to the date of their election.

On September 14, 2020, the Court denied Plaintiffs' motion to file a further amended complaint given the late stage of the litigation, directed Defendants to file the full administrative record of the BPC's latest benefit denial, and ordered the parties to renew their cross-motions for summary judgment given the Plan Administrator's decision.

## II. SUMMARY JUDGMENT

### A. Legal Standard

"In ERISA motions where a plaintiff challenges the denial of benefits, courts generally 'treat the parties' submissions as cross-motions for summary judgment." *Ricciardi v. Metro. Life. Ins. Co.*, No. 16 Civ. 3805, 2019 WL 652883, at *7 (S.D.N.Y. Feb. 15, 2019) (citing *Kagan v. Unum Provident*, 775 F. Supp. 2d 659, 672 (S.D.N.Y. 2011)). "Substantive ERISA law determines the proper standard of review that the Court should apply in reviewing the decision of the plan administrator, as well as whether the Court can consider materials beyond the administrative record." *Id.* (citing *Gannon v. Aetna Life Ins. Co.*, No. 5 Civ. 2160, 2007 WL 2844869, at *6 (S.D.N.Y. Sept. 28, 2007)). The arbitrary and capricious standard applies for the reasons stated in the prior summary judgment opinion. *See Grosso*, 2019 WL 4805809 at *6-7. The Court will overturn the BPC's decision if it was "without reason . . . unsupported by substantial evidence or . . . erroneous as a matter of law." *Arnone v. Aetna Life Ins. Co.*, 860 F.3d 97, 105 (2d Cir. 2017) (citing *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008)) (internal quotations omitted).

When parties cross-move for summary judgment, the Court analyzes the motions separately, "in each case construing the evidence in the light most favorable to the non-moving

party." *Schwebel v. Crandall*, 967 F.3d 96, 102 (2d Cir. 2020). Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).

**B.     Analysis**

The BPC's decision is upheld as it is not "without reason . . . unsupported by substantial evidence or . . . erroneous as a matter of law." *Arnone*, 860 F.3d at 105. The BPC based its denial on its review of the 1998 Plan and several pieces of extrinsic evidence including a declaration by Brian Byrnes, various letters sent to Plan participants, and a 1998 Summary Plan Description ("1998 SPD").

Mr. Byrnes was the Division Manager of Pension Policy & Administration and Secretary of AT&T's Employees' Benefits Committee from 1993 to 1998 and had the authority to incorporate language into the Plan and make administrative amendments to it. First, Mr. Byrnes authorized communications regarding the Plan to be sent in 1997, the year the Special Update was adopted, and his understanding is that it required a written election to commence benefits before age sixty-five and did not allow participants to receive retroactive payments.

Second, letters were sent to Plan participants on April 28, May 16 and 20, 1997, respectively. The April 28, 1997, letter ("April 28 Letter") stated that participants could receive "your vested pension benefit as an immediate annuity . . . *if you choose*." (emphasis added). The letter sent on May 16, 1997, attached a notice ("May 16 Notice") to participants that they had to return the Request for AT&T Vested Benefits and Election/Declination of Survivor Annuity form "before your pension payments can begin" and that the participant's "pension will be

4

payable on a forward going basis only" after the form is received. One of the May 20, 1997, letters ("May 20 Letter") stated, in relevant part, that participants could use an "election form which you can use to elect to begin receiving payments." Finally, the 1998 SPD states both that Plan participants must notify the Pension Service Center in order to commence their benefits and that participants would not receive retroactive payments if the form was received at a later date. It states, "Your pension will be payable on a forward going basis only (i.e. no retroactive payments will be made . . . .)" The BPC's decision is reasonable and supported by evidence.

Plaintiffs make several arguments that are inapplicable and, in any event, unpersuasive. First, Plaintiffs argue that the 1998 Plan does not apply to them, and their claims are governed by the AT&T Management Pension Plan, Amended and Restated Effective October 1, 1996 (the "1996 Plan"), as amended by the Special Update. Plaintiffs' arguments concerning the 1996 Plan are improper at this stage of the litigation. On August 27, 2020, Plaintiffs filed a letter requesting leave to file a "supplemental complaint" arguing, as they do now, that the 1996 Plan governs their claims and that the Special Update resolutions amended the 1996 Plan and contains language indicating Defendants' unconditional obligation to pay retroactive benefits. Since Plaintiffs, in their letter, did not identify any events that had occurred after the operative Complaint was filed, the Court construed Plaintiffs' application as one to file an amended complaint and denied the application as prejudicial given the late stage in the litigation. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726-27 (2d Cir. 2010) (affirming denial of leave to amend where discovery had closed and summary judgment papers had been filed); *EMA Financial, LLC v. 5Barz Int'l, Inc.*, No. 18 Civ. 4995, 2019 WL 8503357, at *8 (S.D.N.Y. Sept. 18, 2019). Plaintiffs are not permitted to add unpleaded claims concerning the 1996 Plan by arguing them at summary judgment. *See Mauro v. S. New England*

*Telecommunications, Inc.*, 208 F.3d 384, 386 n.1 (2d Cir. 2000); *Frilando v. N.Y.C. Transit Auth.*, 463 F. Supp. 3d 501, 518 (S.D.N.Y. 2020).

Second, Plaintiffs argue that the BPC improperly considered extrinsic evidence and disregarded Plaintiffs' showing that the plain language in the resolutions adopting the Special Update entitled them to retroactive benefits to commence at age fifty-five. *See McCutcheon v. Colgate-Palmolive Co.*, 481 F. Supp. 3d 252, 261-62 (S.D.N.Y. 2020) (noting that extrinsic evidence may not be referenced if the terms of a plan are unambiguous). Here, the Court directed the BPC to consider extrinsic evidence because the Plan's language was ambiguous and did not answer the question of whether a written election was necessary for benefits to begin to accrue. *See Grosso*, 2019 WL 4805809 at *7, *9; *see also Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 245 (2d Cir. 2021) (permitting the consideration of extrinsic evidence where the contract is ambiguous). Further, the BPC considered and reasonably rejected Plaintiffs' arguments that the term "payable" in resolutions adopted in 1997 were applicable since those resolutions referred to benefits payable "upon his or her termination of employment" and not to Plaintiffs' claims for unreduced pension benefits from age fifty-five.

Finally, Plaintiffs seek to undermine the extrinsic evidence supporting the BPC's conclusions by arguing that (1) Mr. Byrnes's declaration is self-serving; (2) the April 28 Letter and May 20 Letters do not require Plan participants to make an election or prohibit retroactive payment of benefits; (3) the 1998 SPD is inapplicable because Plaintiffs were not AT&T employees on January 1, 1998; and (4) the May 16 Notice was ambiguous. Plaintiffs' arguments are unpersuasive. First, Plaintiffs' arguments concerning Mr. Byrnes are misplaced. Mr. Byrnes retired more than 12 years before executing the declaration, and Plaintiffs offered no competing evidence to counter Mr. Byrnes's testimony. *See Fox v. Costco Wholesale Corp.*, 918 F.3d 65,

72-73 (2d Cir. 2019) (finding dismissal of a claim proper where the plaintiff failed to produce evidence that would create an issue of fact). Second, as to the documentary evidence, Plaintiffs offer their own interpretations, but the BPC's interpretation is more persuasive and in any event is not "without reason . . . unsupported by substantial evidence or . . . erroneous as a matter of law." *Arnone*, 860 F.3d at 105.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted, and Plaintiffs' cross motion for summary judgment is denied. Because these motions addressed only the Complaint's first cause of action, the parties shall file a letter by **June 1, 2021**, proposing any next steps as to the remaining claims.

The Clerk of Court is respectuflly directed to close the motions at Dkt. Nos. 70 and 71.

Dated: May 25, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**