```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
VINCENT GROSSO, et al.,                                       :
                                        Plaintiffs,           :
                                                              :      18 Civ. 6448 (LGS)
               -against-                                      :
                                                              :      OPINION AND ORDER
AT&T PENSION BENEFIT PLAN, et al.,                            :
                                        Defendants.           :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Summary judgment was previously granted to Defendants on the first cause of action, which alleged a violation of the Plan. The parties agree that the second cause of action is moot and only the third cause of action remains. Defendants move for summary judgment on the third cause of action, which asserts breach of fiduciary duties. For the following reasons, Defendants' motion for summary judgment is granted.

I.  **BACKGROUND**

Familiarity with the facts and procedural history is assumed. *See Grosso v. AT&T Pension Benefits Plan,* No. 18 Civ. 6448, 2019 WL 4805809 (S.D.N.Y. Sept. 30, 2019) (first cross-summary judgment motions opinion, denying both motions and remanding case to the Plan Administrator) ("First Opinion"); 2021 WL 2115210 (S.D.N.Y. May 25, 2021) (second cross-summary judgment motions opinion, granting summary judgment to Defendants on the first cause of action) ("Second Opinion"), *reconsideration denied*, 2021 WL 5889255 (S.D.N.Y. Dec. 13, 2021) ("Reconsideration Opinion"). All capitalized terms that are not defined herein have the same meaning as in the prior decisions. Below is a very brief summary.

On April 28, 1997, AT&T amended the AT&T Pension Benefit Plan and implemented the Special Update, which allowed its employees to collect early retirement benefits beginning at

age fifty-five.  Plaintiff Grosso turned fifty-five in April 2009, and Plaintiff Wing turned fifty-five in April 2012.  On April 30, 2013, AT&T sent a letter to Grosso outlining the policies under the Special Update (the "April 1997 Notice").

Plaintiffs commenced this action on July 17, 2018, challenging the Plan Administrator's denial of retroactive pension benefits on the ground that Plaintiffs had not filed a written application.  The First Opinion remanded for the Plan Administrator to consider extrinsic evidence in its determination of whether a participant must file a written application.  After doing so, the Plan Administrator found again that a written application was required to commence entitlement to Special Update benefits.  The Plan Administrator found that Grosso elected to receive benefits starting February 1, 2017, and was not entitled to retroactive benefits prior to that date.  As for Wing, the Plan Administrator granted claims for benefits retroactive to April 1, 2014 (but not all the way back to her fifty-fifth birthday in 2012), because Wing had been provided inaccurate information about her benefits when she contacted the Fidelity Service Center in March 2014.

The Second Opinion agreed with the denial of benefits and granted Defendants summary judgment on the first cause of action, which asserted a violation of the Plan.  Plaintiffs filed a motion for reconsideration asserting that Plaintiffs had not received adequate notice of the Special Update.  The Reconsideration Opinion held that the argument was waived, but even if it were not, that substantial evidence supports the Plan Administrator's finding that Defendants sent, and Plaintiffs received, adequate notice in the April 1997 Notice.  Reconsideration Opinion, 2021 WL 5889255, at *3-4.  For the purposes of this summary judgment motion on the third cause of action, the parties dispute the same factual issue of adequate notice under a de novo standard of review.

## II.     DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (internal quotation marks omitted). "The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment, and in assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* (internal quotation marks omitted).

A de novo standard of review is applied on this summary judgment motion because the question of whether Defendants breached their fiduciary duty, as alleged in the third cause of action, does not involve an interpretation of the Plan and was not remanded to the Plan Administrator. *See Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 51 (2d Cir. 2016); First Opinion, 2019 WL 4805809, at *6.

### B. The Claim is Time Barred

The Complaint's third cause of action alleges that Defendants "had the fiduciary duty to inform Plaintiffs of the terms of the Special Update, and that no retroactive payment would be made if they delayed their applications." In substance, it alleges that Defendants breached their fiduciary duty as prescribed in 29 U.S.C. § 1104,[1] when they failed to inform Plaintiffs about the

---

[1] Section 1104 provides, in pertinent part, that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and -- (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and . . . (D) in accordance with the documents and instruments governing the plan . . . ." 29 U.S.C. §

3

Special Update and the requirement of filing a written application to trigger their entitlement to receive benefits between ages fifty-five and sixty-five.

As relevant here, an ERISA breach of fiduciary duty claim may not be asserted "after the earlier of -- (1) six years after . . . the latest date on which the fiduciary could have cured the breach or violation [in the case of an omission], or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113.  For the reasons below, the third cause of action is time barred under § 1113 because Plaintiffs' fifty-fifth birthdays in 2009 and 2012, respectively, are the latest dates on which Defendants could have cured the alleged breach, and because the "fraud or concealment" exception does not apply to extend these deadlines.[2]

    a. **Six Years After the Latest Date on Which the Breach Could Have Been Cured**

Plaintiffs' third cause of action is time barred because this case was filed more than six years after the latest date on which the alleged breach could have been cured.  The six-year period for an ERISA breach of fiduciary duty claim is set by statute.  Section 1113(1) is a "statute of repose, which effects a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 140 S. Ct. 768, 774 (2020) (internal quotation marks omitted).

Section 1113(1) should not be read as extending a defendant's exposure to liability indefinitely under the rationale that Defendants could have "cured the breach or violation" at any

---

1104(a)(1).

[2] Plaintiffs contend that neither § 1113(1) nor § 1113(2) bars their claim.  Having decided the claim is barred under § 1113(1), the Court does not reach the issue of whether the claim would be time barred under § 1113(2), a provision that accelerates the filing deadline.

4

point after the omission. Such a reading, akin to the continuing violation doctrine, would render the statute of repose meaningless, as the statutory period would "never run[] out." *Librizzi v. Child.'s Mem'l Med. Ctr.*, 134 F.3d 1302, 1307 (7th Cir. 1998); *see also Vollmer v. Xerox Corp.*, No. 20 Civ. 6979, 2022 WL 446628, at *6 (W.D.N.Y. Feb. 14, 2022); *Olivo v. Elky*, 646 F. Supp. 2d 95, 102 (D.D.C. 2009).

Instead, there are two plausible interpretations of the statutory language "the latest date on which the breach could have been cured." In either case, Plaintiffs' claim is time barred. One reading would set the last date to "cure" the breach as the last day possible to make the disclosure and avoid the injury caused by the omission. *See, e.g.*, *Zirnhelt v. Mich. Consol. Gas Co.*, 526 F.3d 282, 288-89 (6th Cir. 2008); *Vollmer*, 2022 WL 446628, at *6 (holding that plaintiffs' retirement date was the last date to "cure" because "[o]nce [plaintiffs] retired, it was not possible to fix the alleged misrepresentation or omission by providing revised information, because the retirees' choice had already been made"); *Hartquist v. Emerson Elec. Co.*, No. 11 Civ. 1067, 2016 WL 1312028, at *9 (M.D.N.C. Mar. 31, 2016) ("[I]n order to have truly cured the alleged breach, Defendants would have had to provide Plaintiff with sufficiently detailed Plan information early enough for him to have filed a timely claim."); *Olivo*, 646 F. Supp. 2d at 102 (quoting *Librizzi*, 134 F.3d at 1307). By this first reading, the statute runs from when each Plaintiff turned fifty-five years old, which was the earliest possible date Plaintiffs could have made a written application to trigger their entitlement to unreduced benefits. With each subsequent day after their fifty-fifth birthdays, Plaintiffs lost benefits they could have received by making a written application. Defendants would have had the opportunity to "cure" any breach by notifying Plaintiffs of the need to apply to receive Special Update benefits as soon as they turned fifty-five. Here, Grosso turned fifty-five in April 2009, and Wing turned fifty-five in

April 2012. Because the claim was brought in July 2018 -- more than six-years after both Plaintiffs turned fifty-five -- the claim is time barred.

Another possible interpretation of "the latest date on which the breach could have been cured," as suggested by Defendants, is the last day Defendants could make timely disclosure. Here, Defendants were required to disclose material plan modifications "not later than 210 days after the close of the plan year in which the modification or change was adopted." 29 C.F.R. § 2520.104b-3(a). Under this second approach, Defendants were required to give notice of the Special Update 210 days after the end of 1997 when the Special Update was issued, i.e., August 1, 1998. *See Guenther v. BP Ret. Accumulation Plan*, No. 16 Civ. 955, 2019 WL 1167847, at *5 (S.D. Tex. Mar. 13, 2019) (holding that ERISA non-disclosure claims were time barred and that the claims "accrued either at the effective date of the plan or the date when notices should have been delivered"). However, this approach conflates the breach and the "cure" and does not give full effect to the statutory language, which seems to contemplate the breach and the cure as distinct events. In any event, as the Complaint was not filed until July 2018, Plaintiffs' third cause of action would be time barred under this second theory as well.

Plaintiffs argue that the breach of fiduciary duty claim is based on Defendants' failure to comply with 29 U.S.C. § 1024(b), which requires Defendants to provide Plaintiffs an updated summary plan description, including disclosure of their rights under the Special Update to unreduced benefits at age fifty-five, every five years starting from 1997. *See* 29 U.S.C. § 1024(b). This argument fails. The Complaint does not allege that Defendants breached their duty by failing to comply with a statutory requirement to provide summary plan descriptions. The third cause of action alleges only a general failure to notify Plaintiffs about the Special Update in violation of § 1104's fiduciary duties and does not allege noncompliance with § 1024

or any other provision of ERISA.  Nor does §1104 create fiduciary duty to enforce the remainder of ERISA.  Plaintiffs may not raise new arguments -- or claims -- for the first time in their summary judgment motion.  *See Montesa v. Schwartz*, 836 F.3d 176, 191 n.1 (2d Cir. 2016).

A claim based on § 1024 would also fail on the merits.  Section 1024(b) requires Defendants to provide a summary plan description every five years, "which integrates all plan amendments made within such five-year period," *unless* "no amendments have been made to a plan during such five-year period," but in any event is required to provide a summary plan description "every tenth year after the plan becomes subject to this part."  29 U.S.C. § 1024(b)(1)(B).  Because the Special Update amended the Plan on April 27, 1997, and no amendment has been made, the summary plan descriptions were required to be provided in April 2007 and April 2017.  A claim arising from any failure to provide a summary plan description in 2007 would be time barred.  Plaintiffs have no remedy for any failure to provide a summary plan description in 2017 because Defendants granted Grosso's and Wing's claims for benefits from February 1, 2017, and April 1, 2014, respectively.

### b. Fraud or Concealment

Plaintiffs argue that their claim is not time barred because the "fraud or concealment" exception of § 1113 applies.  This argument is unavailing.  Because the exception has its roots in the equitable estoppel doctrine, the fraud or concealment exception applies "to cases in which a fiduciary . . . engaged in acts to hinder the discovery of a breach of fiduciary duty."  *Osberg v. Foot Locker, Inc.*, 862 F.3d 198, 210-11 (2d Cir. 2017) (quoting *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 189 (2d Cir. 2001)).

"[T]he concealment exception requires that 'in addition to alleging a breach of fiduciary duty (be it fraud or any other act or omission), the plaintiff . . . also allege that the defendant

committed either: (1) a "self-concealing act" -- an act committed during the course of the breach that has the effect of concealing the breach from the plaintiff; or (2) "active concealment" -- an act distinct from and subsequent to the breach intended to conceal it.'" *Osberg*, 862 F.3d at 210-11 (quoting *Caputo*, 267 F.3d at 189). For example, in *Osberg*, the Second Circuit held that, where the defendant not only failed to disclose a freeze on pension benefits but also made affirmative misstatements that the benefits would increase, the defendant had engaged in "self-concealing acts" and hindered the discovery of its breach. 862 F.3d at 211; *see also, e.g.*, *Royal v. Ret. Bd. of the Bert Bell/Pete Rozelle NFL Ret. Plan*, No. 20-4184, 2021 WL 4484925, at *2 (2d Cir. Oct. 1, 2021) (holding that the fraud or concealment exception did not apply where plaintiff "allege[d] no facts giving rise to a plausible inference that the Board fraudulently concealed its failure to provide the SPD at the time of his original application").

Even construing the evidence in the light most favorable to Plaintiffs, no reasonable jury could find that Defendants engaged in fraud or concealment. Defendants allegedly breached their fiduciary duty by failing to inform Plaintiffs about the updates in the Plan. The record contains no evidence of alleged wrongdoing beyond this failure. For example, there is no evidence that Defendants took steps to hide that they (allegedly) had not given notice, or that they provided misinformation inconsistent with the contents of the notice.[3] The alleged failure to notify is the breach itself and is not "distinct" or "in addition to" other misconduct that prevented Plaintiffs from discovering the alleged lack of notice. *See Osberg*, 862 F.3d at 210-11. The fraud and concealment exception of § 1113 does not apply.

---

[3] The evidence shows Wing had been given erroneous -- not intentionally misleading -- information about her pension benefits by non-party Fidelity Service Center in March 2014. Accordingly, notwithstanding her failure to make a written application for retroactive benefits, the Plan Administrator granted her claim for benefits retroactive to April 1, 2014. Consequently, her claim in this case is limited to benefits between May 1, 2012, when she turned fifty-five, and April 1, 2014. *See* Reconsideration Opinion, 2021 WL 5889255, at *1.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment on the third cause of action is GRANTED. The Clerk of Court is respectfully directed to close the case.

Dated: July 7, 2022
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**