MANDATE

1:18-cv-06448-LGS

22-1701-cv
*Grosso, et al. v. AT&T Pension Benefit Plan, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-four.

PRESENT:        PIERRE N. LEVAL,
                SARAH A. L. MERRIAM,
                MARIA ARAÚJO KAHN,
                    *Circuit Judges*.

_____

VINCENT C. GROSSO, On Behalf of Himself
and All Others Similarly Situated, and
PATRICIA M. WING, On Behalf of Herself
and all Others Similarly Situated,

    *Plaintiffs-Appellants*,

      v.                                                               No. 22-1701-cv

AT&T PENSION BENEFIT PLAN, and AT&T
SERVICES, INC., as Plan Administrator,

    *Defendants-Appellees*.

_____

MANDATE ISSUED ON 06/06/2024

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | ROBERT LAWRENCE LIEBROSS, Law Office of Robert L. Liebross, Rosedale, NY (Edgar Pauk, Law Offices of Edgar Pauk, Brooklyn, NY, *on the brief*). |
| FOR DEFENDANTS-APPELLEES: | ASHLEY E. JOHNSON, Gibson, Dunn & Crutcher LLP, Dallas, TX (Savannah Silver, Gibson, Dunn & Crutcher LLP, Dallas, TX; Patrick William Shea, Kenneth W. Gage, Paul Hastings LLP, New York, NY, *on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-Appellants Vincent C. Grosso and Patricia M. Wing appeal from the District Court's denial of their motion for summary judgment and grant of summary judgment in favor of Defendants-Appellees AT&T Pension Benefit Plan (the "Plan") and AT&T Services, Inc. ("AT&T") on their claims arising under §502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, and recite them herein only as necessary to explain our decision to affirm.

As of January 1, 1997, plaintiffs were each employed by the Plan's sponsor, AT&T Inc., and participants in the Plan. Under the version of the Plan restated in 1996 (the "1996 Plan"), plan participants with fewer than twenty years of service could not begin receiving pension benefits before age 65, which is the "normal retirement age" as defined

2

by ERISA. 29 U.S.C. §1002(24)(B)(i). On April 16, 1997, AT&T's Compensation and Employee Benefits Committee adopted a series of resolutions, called a "special update," amending the 1996 Plan and providing that plan participants could begin receiving unreduced early pension benefits beginning at age 55 ("Special Update benefits"). J. App'x at 1993-95. Wing's employment with AT&T ended on June 13, 1997, and Grosso's employment with AT&T ended on July 3, 1997.

Plaintiffs were each eligible[1] to begin receiving Special Update benefits upon reaching age 55; however, neither filed an "election," or request for benefits, until 2017, when Grosso was 62 and Wing was 59. Each began receiving Special Update benefits soon after filing their elections, but their claims for <u>retroactive</u> payments dating back to age 55 were denied. On November 3, 2017, plaintiffs jointly appealed that denial to AT&T's Benefit Plan Committee ("BPC"), the administrative entity with authority to review claims and interpret the Plan, which denied both claims based on language in the then-current 2016 Plan (the "First BPC Denial").

On July 17, 2018, plaintiffs commenced this putative class action on behalf of themselves and all others similarly situated, principally alleging that the BPC's decision constituted a wrongful denial of benefits under ERISA §502(a)(1)(B).[2] The complaint

---

[1] The "special update" resolutions, by their terms, apply to plan participants that were employed, or "on the active roll," as of January 1, 1997. J. App'x at 1993.

[2] Plaintiffs' complaint also asserted "(Alternative) Claim[s]," for violation of ERISA's anti-cutback rule and breach of fiduciary duty. J. App'x at 31, 33. After granting summary judgment to defendants on plaintiffs' §502(a)(1)(B) claim, the District Court entered a separate opinion, stating that "[t]he parties agree that the [anti-cutback] cause of action is moot," and granting summary judgment to defendants on the breach of fiduciary duty claim. Spec. App'x at 40.

3

asserted that the "controlling plan" was the version of the Plan as restated in 1998 (the "1998 Plan"), J. App'x at 28, which fully incorporated the "special update" resolutions, and which plaintiffs alleged "does not contain either a written-application requirement as a condition of <u>entitlement</u>, or a prohibition against retroactive payments," <u>id.</u> at 30.

In a pre-conference letter filed September 20, 2018, defendants informed the District Court that they "intend[ed] to seek clarification of the [BPC's] interpretation of the Plan regarding issues raised in the Complaint." J. App'x at 42 n.1. The District Court subsequently ordered defendants to "serve Plaintiffs with [that] clarified decision" prior to the parties filing cross-motions for summary judgment. Order at 1, <u>Grosso v. AT&T Pension Benefit Plan</u>, No. 1:18CV06448(LGS) (S.D.N.Y. Nov. 29, 2018), ECF No. 26.

On December 3, 2018, the BPC issued the "clarification," this time interpreting and applying both the 2016 Plan and the 1998 Plan, and reaffirming that participants are required to file an election to become entitled to Special Update benefits (the "Second BPC Denial"). The parties filed cross-motions for summary judgment, which the District Court denied. See <u>Grosso v. AT&T Pension Benefits Plan</u>, No. 1:18CV06448(LGS), 2019 WL 4805809, at *9 (S.D.N.Y. Sept. 30, 2019) ("<u>Grosso I</u>"). The District Court determined that it would treat the Second BPC Denial as the operative decision:

> The First BPC Denials do not comply with the Department of Labor's claims-procedure regulation, and this failure is not inadvertent and harmless. Accordingly, the First BPC Denials receive <u>de novo</u> review. See <u>Halo v. Yale Health Plan</u>, 819 F.3d 42, 58 ([2d Cir.] 2016). Under <u>de novo</u> review, the Court has the discretion to remand the case to the Plan Administrator for

---

Plaintiffs do not address this separate opinion on appeal, and these claims are therefore not before us. See <u>Norton v. Sam's Club</u>, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

4

> further review if the conclusions were rejected. See Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan, 217 F. Supp. 3d 608, 633-34 (N.D.N.Y 2016) (remanding to the Plan Administrator after reviewing the administrative record de novo). The Second BPC Denial functions in effect like a decision after remand of the First BPC Denials. Consequently, the focus of this opinion is the BPC's most recent interpretation.

Grosso I, 2019 WL 4805809, at *4 n.1. The District Court found that the Second BPC Denial's interpretation of the 1998 Plan was arbitrary and capricious because it relied on plan text that was ambiguous as to whether participants are required to file an election to become entitled to Special Update benefits. See id. at *7-8. The District Court therefore remanded the matter to the BPC to reinterpret the 1998 Plan, and "directed" the BPC "to rely on all the tools of contract interpretation to perform this analysis, including any extrinsic evidence and any other relevant provisions of the 1998 Plan that ha[d] not yet been addressed." Id. at *9.

On remand to the BPC, plaintiffs argued that the 1998 Plan did not apply to them, but that their claims were instead governed by the 1996 Plan as amended by the 1997 "special update" resolutions (the "Amended 1996 Plan"). On April 28, 2020, the BPC issued a new decision (the "Third BPC Denial"), which interpreted both the Amended 1996 Plan and the 1998 Plan, in light of extrinsic evidence, and concluded that both versions require participants to file an election to become entitled to Special Update benefits.

The parties again filed cross-motions for summary judgment. On May 25, 2021, the District Court granted summary judgment to defendants on plaintiffs' §502(a)(1)(B) claims, and denied plaintiffs' motion for summary judgment. The District Court found

5

that the Third BPC Denial reasonably interpreted the 1998 Plan to require participants to file an election to become entitled to Special Update benefits and rejected plaintiffs' claims concerning the Amended 1996 Plan. See Grosso v. AT&T Pension Benefit Plan, No. 1:18CV06448(LGS), 2021 WL 2115210, at *2-3 (S.D.N.Y. May 25, 2021) ("Grosso II").

The District Court subsequently denied plaintiffs' motions for reconsideration and for relief from the judgment and resolved plaintiffs' remaining claims in favor of defendants. This appeal followed.

## DISCUSSION

We review the District Court's summary judgment decisions, including the District Court's determination concerning the applicable standard of review, de novo. See Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82-83 (2d Cir. 2009).

### I. Grosso I

In an ERISA §502(a)(1)(B) action, if the relevant plan "vest[s] interpretive discretion in the plan administrator," the plan administrator's benefits decision will be upheld "unless it is 'arbitrary and capricious.'" Roganti v. Metro. Life Ins. Co., 786 F.3d 201, 204 (2d Cir. 2015) (quoting Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995)). "Under the arbitrary-and-capricious standard of review, we may overturn the plan administrator's denial of benefits only if it is found to be without reason, unsupported by substantial evidence or erroneous as a matter of law." Ocampo v. Bldg. Serv. 32B-J Pension Fund, 787 F.3d 683, 690 (2d Cir. 2015) (citation and quotation marks

6

omitted). It is undisputed that the BPC is vested with discretionary authority to interpret the Plan and make eligibility determinations. See Grosso I, 2019 WL 4805809, at *6.

However, for the first time on appeal, plaintiffs assert that the District Court should have reviewed the Second BPC Denial de novo, because it was not issued within the time limit set by the Department of Labor's claims-procedure regulations for a "benefit determination on review." 29 C.F.R. §2560.503-1(i)(1)(i); see also Halo, 819 F.3d at 57-58 ("[W]hen denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation . . . will result in that claim being reviewed de novo," barring an exception not relevant here.).

Plaintiffs provide no reason for us to depart from our "well-established general rule" that we "will not consider an issue raised for the first time on appeal." Spinelli v. Nat'l Football League, 903 F.3d 185, 198 (2d Cir. 2018) (citation and quotation marks omitted). "Although we have discretion to entertain new arguments where necessary," we decline to do so here, because the argument was undoubtedly "available . . . below," and plaintiffs "proffer no reason for their failure to raise" it earlier. Id. at 198-99 (citation and quotation marks omitted).[3] Accordingly, plaintiffs' challenges to Grosso I are not properly presented, and they fail.

---

[3] Although plaintiffs assert that they did make this argument below, the record proves otherwise. In their memorandum of law in support of summary judgment, plaintiffs advanced a different argument – that the Second BPC Denial should not be considered at all. Moreover, in that same memorandum, plaintiffs listed six ways the First BPC Denial purportedly violated the Department of Labor's claims-procedure regulations, but did not assert any such violations relating to the Second BPC Denial.

7

## II. <u>Grosso II</u>

The Third BPC Denial interpreted both the Amended 1996 Plan <u>and</u> the 1998 Plan with reference to extrinsic evidence and determined that both require participants to file an election to become entitled to Special Update benefits. No party disputes that the arbitrary and capricious standard applies to the Third BPC Denial; thus, our review is "highly deferential" and we "may overturn" the BPC's determination only if it "was 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" <u>Celardo v. GNY Auto. Dealers Health & Welfare Tr.</u>, 318 F.3d 142, 146 (2d Cir. 2003) (quoting <u>Pagan</u>, 52 F.3d at 442).

We agree with the District Court that the Third BPC Denial "is reasonable and supported by evidence," and that summary judgment in favor of defendants was therefore appropriate. <u>Grosso II</u>, 2021 WL 2115210, at *2. The BPC's conclusion was supported by extensive extrinsic evidence relevant to both versions of the Plan. <u>See</u> J. App'x at 2090-95, 2101-03. Because the Third BPC Denial is, at minimum, not arbitrary or capricious, we affirm the District Court's grant of summary judgment to defendants on plaintiffs' §502(a)(1)(B) claim.

8

* * *

We have reviewed plaintiffs' remaining arguments and find them to be without merit.[4] For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[4] To the extent that plaintiffs challenge the District Court's denial of their motion for relief from the judgment, we decline to reach that issue because, despite their contention to the contrary, see Appellant's Reply Br. at 18-19, plaintiffs did not identify "an intervening change of controlling law," Ethridge v. Bell, 49 F.4th 674, 688 (2d Cir. 2022) (citation and quotation marks omitted).